■ In the Matter of DORAINE SMITH, Appellant, v SYDNEY MILLER et al., Respondents. (Proceeding No. 1.) In the Matter of DORAINE SMITH, Appellant, v RENALDO ALLEN et al., Respondents. (Proceeding No. 2.) [654 NYS2d 167] —In two related proceedings pursuant to Family Court Act article 6 to modify custody, the petitioner appeals from an order of the Family Court, Westchester County (Spitz, J.), entered August 14, 1995, which *sua sponte* dismissed the petitions on the ground of forum non conveniens.

Ordered that the order is reversed, as a matter of discretion, with costs, and the petitions are reinstated.

This custody matter was initially commenced by the respondents Sydney and Beatrice Miller and Renaldo and Deborah Allen separately seeking custody of the petitioner's two children in the Family Court, Westchester County. The respondents are the maternal uncles and aunts of the children and reside, respectively, in North Carolina and Texas. On October 12, 1993, two custody orders were entered on the petitioner's consent, awarding custody of her daughter to the Millers and custody of her son to the Allens. The orders further provided that if the petitioner sought custody of the children within the next two years, jurisdiction over the matter would remain in New York. Thereafter, in February 1995, the petitioner brought the instant proceedings in the Family Court, Westchester County, requesting that custody be returned to her.

Although no formal motion was made to dismiss the proceedings on the ground of forum non conveniens, the doctrine was raised before the court, and the parties contested the matter (*see*, CPLR 327 [a]; *VSL Corp. v Dunes Hotels & Casinos*, 70 NY2d 948). We agree with the petitioner, however, that the Family Court improvidently exercised its discretion in applying the doctrine. The court overlooked the fact that this custody matter originated in the challenged forum when the respondents brought proceedings seeking custody of the children and that the custody orders specifically provided that jurisdiction over the matter would remain in New York for a two-year period. Further, the respondents failed to demonstrate the availability of a single convenient alternative forum where the custody of both children could be litigated. Accordingly, the petitions are reinstated. Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.